Chad B. Wootton, SBN 151188
Amy T. Wootton, SBN 188856
WOOTTON LAW GROUP LLP
119 ½ N. Larchmont Boulevard, Suite 2
Los Angeles, California 90004
(323) 460-2100 (telephone)
(323) 460-2112 (facsimile)
Email 1: chadwootton@woottonlawgroup.com
Email 2: amywootton@woottonlawgroup.com

Attorneys for Plaintiff
Carolina Casualty Insurance Company

**FILED**

SEP 13 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**JL**

CAROLINA CASUALTY INSURANCE
COMPANY, an Iowa Corporation,

        Plaintiff,

        v.

LANAHAN & REILLEY, LLP, a California Limited
Liability Partnership, ROBERT L. ANDERSON,
ESQ., a California Resident, SCOTT L. STEEVER,
ESQ., a California Resident, WILLIAM J. FEENEY,
ESQ., a California Resident; MICHAEL P.
GARCIA, ESQ., a California Resident; KEITH T.
ULAND, ESQ., a California Resident; and DOES
1 through 75, inclusive,

        Defendants.

Case No.

**CV 10   4108**

**COMPLAINT OF CAROLINA
CASUALTY INSURANCE
COMPANY FOR BREACH OF
CONTRACT, DECLARATORY
RELIEF AND
REIMBURSEMENT**

Plaintiff Carolina Casualty Insurance Company ("CCIC") alleges as follows:

## JURISDICTION

1.    CCIC is a corporation organized under the laws of the state of Iowa, with its

principal place of business at 4600 Touchton Road East Building 100, Suite 400 Jacksonville,

Florida, and was at all relevant times in the business of, *inter alia*, issuing policies of insurance.

1  CCIC was and is doing business in the state of California at all times mentioned herein and

2  material hereto.

3

4      2.      CCIC is informed and believes and thereon alleges, that defendant Lanahan &

5  Reilley, LLP ("Lanahan & Reilley") was at all times relevant hereto, and remains, a California

6  limited liability partnership with its principal place of business at 600 Bicentennial Way, Suite

7  300, Santa Rosa, California 95403, and was and is engaged in the practice of law in the State of

8  California and this judicial district at all times relevant hereto.

9

10      3.      CCIC is informed and believes and thereon alleges, that defendant Robert L.

11  Anderson ("Anderson") was at all times relevant hereto, and remains, an attorney and a partner in

12  the law firm of Lanahan & Reilley.  CCIC is informed and believes that Anderson is a resident of

13  Sonoma County, California, and was and is engaged in the practice of law in the State of

14  California and this judicial district at all times relevant hereto.

15

16      4.      CCIC is informed and believes and thereon alleges, that defendant Scott L. Steever

17  ("Steever") was at all times relevant hereto, and remains, an attorney and partner in the law firm

18  of Lanahan & Reilley.  CCIC is informed and believes that Steever is a resident of Sonoma

19  County, California, and was and is engaged in the practice of law in the State of California and

20  this judicial district at all times relevant hereto.

21

22      5.      CCIC is informed and believes and thereon alleges, that defendant William J.

23  Feeney ("Feeney") was at all times relevant hereto, and remains, an attorney and partner in the

24  law firm of Lanahan & Reilley.  CCIC is informed and believes that Feeney is a resident of

25  Sonoma County, California, and was and is engaged in the practice of law in the State of

26  California and this judicial district at all times relevant hereto.

27

28

6.    CCIC is informed and believes and thereon alleges, that defendant Michael P. Garcia ("Garcia") was an attorney in the law firm of Lanahan & Reilley when all or certain of the conduct in question herein took place, and is or may be an "insured" under the relevant insurance policy at issue herein.  CCIC is informed and believes that Garcia is now employed by the law firm of Beyers Costin, which is located at 200 Fourth Street, Suite 400, Santa Rosa, CA 95401.  CCIC is informed and believes that Garcia is a resident of Sonoma County, California, and was and is engaged in the practice of law in the State of California and this judicial district.

7.    CCIC is informed and believes and thereon alleges, that defendant Keith T. Uland ("Uland") was at all times relevant hereto, and remains, an attorney and associate in the law firm of Lanahan & Reilley.  CCIC is informed and believes that Uland is a resident of Sonoma County, California, and was and is engaged in the practice of law in the State of California and this judicial district at all times relevant hereto.

8.    CCIC is unaware of the true names and capacities of the defendants named herein as DOES 1 through 75, inclusive, and therefore sues these defendants by such fictitious names.  CCIC will seek leave to amend this complaint to allege their true names and capacities when the same are ascertained.  CCIC is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some manner legally responsible for the acts and omissions set forth in this complaint, and/or names them so that they will be bound by any judgment entered herein.

9.    CCIC is informed and believes, and on that basis alleges, the amount in controversy exceeds the jurisdictional minimum of $75,000.  This is an insurance coverage action involving the question of whether or not CCIC has a duty to defend or indemnify its insureds in an underlying legal malpractice action, under a Lawyers' Professional Liability Insurance Policy which has limits of liability of $2 million ($2,000,000) per Claim and $2 million ($2,000,000) in the aggregate.  It is anticipated that the costs of defense and indemnity in the legal malpractice

1  action will greatly exceed $75,000.  Additionally, the insureds have failed and refused to pay their

2  $150,000 deductible in the case, and the defense costs incurred by CCIC – which should have

3  been paid by the defendants under their deductible obligation – are already in excess of $75,000.

4

5  **FACTUAL SUMMARY**

6

7  A.      **Synopsis of Key Facts And Relief Sought Herein.**

8

9          10.     CCIC issued a "Lawyers' Professional Liability Insurance Policy" to Lanahan &

10  Reilley, bearing Policy No. 9863089, for the policy period of January 1, 2009 to January 1, 2010

11  (the "CCIC Policy").  A true and correct copy of the CCIC Policy, which requires the defendants

12  herein to pay a $150,000 deductible before any obligations on the part of CCIC arise, is attached

13  hereto as Exhibit "A."

14

15          11.     CCIC agreed to defend Lanahan & Reilley, Anderson, Steever, Feeney, Garcia and

16  Uland in connection with a legal malpractice action filed in the Superior Court of California for

17  the County of Sonoma, entitled *John Paulsen v. Lanahan & Reilley LLP, et al.*, bearing Case No.

18  245288 (the "*Paulsen* Action"), subject to a reservation of rights, including the right to file this

19  action for declaratory relief and reimbursement.  CCIC's defense is subject to the $150,000

20  deductible in the CCIC Policy.

21

22          12.     The defendants have paid only $10,000 of their $150,000 deductible and have

23  failed and refused to pay any further sums owed under their deductible obligation, despite the

24  facts that (a) defendants obtained a much lower premium than they would have otherwise

25  received by agreeing to pay a sizeable ($150,000) deductible in the event of a claim against them,

26  (b) the *Paulsen* Action has been pending for over one year (since June 12, 2009), (c) the defense

27  costs incurred in the *Paulsen* Action are believed to be in excess of $85,000 and are mounting

28  each month, (d) CCIC has made several demands for defendants to pay their deductible, and (e)

1  defendants repeatedly agreed, within the past year, to pay all amounts owed under the deductible

2  obligation, but failed to do so.

3

4  13.    In this action, CCIC seeks, *inter alia*, the following relief:

5

6  (a)    a judicial declaration that Lanahan & Reilley's failure and refusal to pay the

7         amounts owed pursuant to the deductible in the CCIC Policy constitutes a material

8         breach of the CCIC Policy; and/or

9

10 (b)    a judicial declaration that CCIC has no further obligation to defend or indemnify

11        Lanahan & Reilley or any of the defendants herein, in the *Paulsen* Action, in light

12        of the defendants' failure and refusal to pay any amounts owed under their

13        $150,000 deductible other than $10,000; and/or

14

15 (c)    a judgment in this action against Lanahan & Reilley and the other

16        defendants, each of whom is liable for payment of the deductible under

17        Section V.D. of the CCIC Policy, in the amount of any and all defense and

18        indemnity expenses CCIC has advanced (or will have advanced by the time

19        this action is adjudicated), in connection with the claim made in the

20        *Paulsen* Action, even to the extent that those defense and indemnity costs

21        exceed $150,000, as well as CCIC's attorney's fees in this action; and/or

22

23 (d)    alternatively, in the event that the Court is unwilling to grant the relief

24        sought in (c) above, a judgment against Lanahan & Reilley and the other

25        defendants herein, each of whom is liable for payment of the deductible, for

26        all amounts paid by CCIC which should have been paid by the defendants

27        pursuant to their $150,000 deductible obligation, such that CCIC is

28        reimbursed for all amounts it has paid relating to the *Paulsen* Action which

1        fall within the $150,000 deductible, as well as CCIC's attorney's fees in

2        this litigation, as provided for in Section V.D. of the CCIC Policy;

3

4    (e)    alternatively, if the Court is unwilling to grant the relief sought in (a), (b),

5        (c) and/or (d) above, an order that if Lanahan & Reilley does not pay the

6        amounts owed within the deductible within 30 days of an order from this

7        Court requiring it to do so, and thereafter does not keep current on its

8        payments, CCIC will have no further obligations to defendants in

9        connection with the *Paulsen* Action; and

10

11    (f)    in the event that the alternative relief in (e) above is selected by the Court,

12        an order declaring that if Lanahan & Reilley elects to pay its deductible,

13        CCIC is entitled to control the defense through counsel of CCIC's choice

14        and Lanahan & Reilley is required to cooperate with such counsel in the

15        defense of the case.

16

17    **B.    The *Paulsen* Action**.[1]

18

19    14.    The *Paulsen* Action is an action which includes legal malpractice allegations,

20 which arises out of the defendants' representation of John Paulsen, individually and as trustee of

21 the Paulsen Family Trust ("Paulsen"), Alvin Chapin and Marilyn Chapin during an environmental

22 clean up of a property owned by Paulsen and the Chapins (the "subject property"). Paulsen and

23 the Chapins were ordered in 1998 to remove underground tanks containing petroleum which were

24 installed by a prior owner of the property and to investigate whether petrochemical contamination

25 had resulted from the storage. In order to comply with state requirements related to this

26

27

28

---

[1] In this section of CCIC's complaint, CCIC briefly summarizes the *allegations* in the *Paulsen* Action. Nothing herein is meant to suggest that the allegations are accurate, or that any of the causes of action in the *Paulsen* Action are meritorious.

1    remediation, Paulsen and the Chapins retained certain individuals and/or entities as consultants to

2    assist them in the process of removing the tanks and investigating possible contamination (the

3    "consultant defendants"). During the course of the remediation project, Paulsen and the Chapins

4    retained the attorneys who are the defendants in this action, allegedly at the behest of the

5    consultant defendants, to steer the project through the state regulatory process and obtain

6    reimbursement from the State for the costs incurred during the cleanup.

7

8        15.    Paulsen and the Chapins contend, in the *Paulsen* Action, that they arranged for the

9    sale of the subject property contingent upon the completion of the remediation project, but that the

10    sale fell through because the consultant defendants and the attorney defendants in this action

11    allegedly jointly failed to timely obtain remediation approvals from the state. Additionally,

12    Paulsen and the Chapins clam that the attorney defendants herein conspired with the consultant

13    defendants to delay the environmental investigation and remediation process to generate

14    unnecessary fees from Paulsen and the Chapins.

15

16        **C.**     **Lanahan & Reilley's Tender of the *Paulsen* Action And**

17               **Monitor's Retention of Lewis, Brisbois, Bisgaard & Smith At**

18               **the Request of Lanahan & Reilley.**

19

20        16.    In a letter from Steever, Managing Partner of Lanahan & Reilley, to Monitor

21    Liability Managers, Inc. ("Monitor") dated June 22, 2009, Steever provided Monitor with a copy

22    of the complaint in the *Paulsen* Action and tendered the matter to Monitor and CCIC on behalf of

23    Lanahan & Reilley and Messrs. Steever, Feeney, Uland and Garcia.[2] Steever stated that Garcia

24    was then employed with the law firm of Beyers, Costin.

25

26        17.    The next day, on June 23, 2009, Jim Hill of Monitor sent a letter to Steever

27    acknowledging receipt of the tender and reserving all of CCIC's rights under the CCIC Policy.

28

---

    [2] Monitor manages this claim on behalf of CCIC.

18.     On or about June 30, 2009, Steever informed Monitor that he would like Peter Dixon of Lewis Brisbois Bisgaard & Smith ("LBBS") to handle the defense of Lanahan & Reilley and the other attorney defendants in the *Paulsen* Action.

19.     On or about July 16, 2009, Monitor sent Lanahan & Reilley a general reservation of rights letter and provided official verification to Lanahan & Reilley that Monitor had retained Mr. Dixon of LBBS to defend the case.  On that same date, Monitor sent a formal letter to Mr. Dixon confirming his retention as defense counsel in this matter.

**D.      LBBS's Request That Lanahan & Reilley Sign A Retainer Agreement And Make A Retention Payment, Lanahan & Reilley's Failure to Do So, And Lanahan & Reilley's Instruction to LBBS to Stop Working on the Case.**

20.     Shortly after LBBS became involved in the defense of the *Paulsen* Action, it provided a retainer agreement to defendants herein and asked them to sign the agreement, as required under California law, and pay a retainer.  However, the defendants herein did not sign the retainer agreement at or about that time, and did not make any payment to LBBS at or about that time.

21.     In an e-mail from Alex Graft at LBBS to Uland at Lanahan & Reilley dated December 8, 2009,  Mr. Graft stated:

> Unfortunately we are still not getting a response to our request that the retention agreement be signed and the retainer paid.  In our latest correspondence we requested that payment be made at the latest by next week.  If you can make any headway on this please do as we cannot continue indefinitely without receiving payment.

22.     Thereafter, on December 29, 2009, Mr. Dixon sent an e-mail to Steever and Feeney in which he stated as follows:

Dear Scott and Bill,

Since we've received no response to my e-mail of 11/30 imposing a two week deadline, prior and subsequent phone calls, and numerous prior requests by my associate Alex Graft for a signed retainer agreement and retention payment, we have no choice but to withdraw from your representation unless we have a signed agreement and payment of our outstanding fees and costs immediately. Please let me know if you prefer to sign a substitution or it if will be necessary for us to make a motion to withdraw. I will withhold filing a motion until Jan. 11, 2010. I'm sorry to take this step, but we've had this case since early July, and I informed you of the need for a retainer and retention payment at our meeting in your office on July 10. We can't continue to work without being paid.

23.     On January 12, 2010, Mr. Graft of LBBS e-mailed Uland of Lanahan & Reilley, again pointing out the lack of any payment or communications from Lanahan & Reilley about the amounts owed to LBBS. Mr. Graft stated, in relevant part, as follows:

We are at the point that unless we receive some immediate response and payment of both the present balance and fulfillment of the retainer we requested . . . in July we will have to withdraw. It is not something we want to do, but the lack of response has been concerning and leaves us with little choice. Perhaps you can make something happen on your end.

24.     On January 20, 2010, Uland e-mailed Mr. Graft, apparently finally responding to Mr. Graft's e-mails. In that e-mail, Uland stated:

Sorry for the delayed response. I referred the matter to our managing partners and was told that it would be addressed by them.

1     25.     However, Lanahan & Reilley did not address the issue.  Accordingly, on January

2    27, 2010, LBBS filed a motion to withdraw as counsel in this matter.  The matter was set for

3    hearing on March 5, 2010.

4

5     26.     On February 18, 2010, Uland sent Mr. Graft an e-mail directing LBBS to stop

6    working on the case, in which he stated as follows:

7          Our managing partner has requested that I have you stop any work that you are

8          doing on this case.  Please convey this request to Peter and any paralegal working

9          on this case. [Para.]  We also will be in contact regarding the billing invoice sent to

10         us.  To whom should I direct our managing partner to discuss that matter?

11

12     27.     Mr. Graft responded in an e-mail of that same date directing Uland to have his

13    managing partner contact Peter Dixon regarding the billing invoice.  However, no contact was

14    made with Mr. Dixon and no amounts were paid, at or about that time, to LBBS.

15

16     28.     LBBS then received an order from the court allowing it to withdraw from the

17    defense.  However, it still needed to file additional documentation with the Court in order to

18    effectuate and finalize the withdrawal.  CCIC, through Monitor, then instructed LBBS *not* to

19    finalize the withdrawal until CCIC and Lanahan & Reilley agreed upon how to proceed.

20

21    **E.**     **The Agreements Reached Between CCIC and Lanahan &**

22         **Reilley in April of 2010 And Thereafter and Lanahan &**

23         **Reilley's Breaches of Those Agreements.**

24

25     29.     In a letter dated April 15, 2010, from CCIC's coverage counsel, Chad Wootton

26    ("Wootton") of Wootton Law Group, LLP, to Anderson of Lanahan & Reilley, Wootton pointed

27    out that Lanahan & Reilley had materially breached the CCIC Policy by refusing to make any of

28    the payments owed under the CCIC Policy, failing to communicate with LBBS, and instructing

1    LBBS withdraw from the defense. Wootton demanded that all amounts within the deductible be

2    paid the insureds within 30 days and concluded that letter with the following proposal:

3       Under the circumstances, CCIC proposes that the parties agree to proceed in one of

4       the following three manners:

5     (1)    L&R and the other insureds named as defendants in the *Paulsen* Action

6        can continue to self-defend as long as they agree not to look to CCIC to pay

7        any defense or indemnity expenses in connection with the *Paulsen* Action,

8        and the parties enter into a written release consistent therewith; or

9     (2)    CCIC can instruct LBBS, or a different firm on CCIC's panel, to continue

10        to defend L&R and the other insureds named as defendants in the *Paulsen*

11        Action, and will indemnify the insureds in the *Paulsen* Action, if L&R will:

12       (a)    agree to pay all amounts owed under the deductible within 30 days

13         of the date of this letter, as required under Section V.D. of the CCIC

14         Policy; and

15       (b)    make such payment in a timely manner; and

16       (c)    agree to continue making all future payments owed to defense in a timely

17         manner, until satisfaction of the $150,000 deductible; and

18       (d)    agree to cooperate with counsel retained by CCIC in the defense of

19         the claim and respond to defense counsel's communications.

20     (3)    If L&R does not agree to either of the options above, CCIC can instruct

21        LBBS, or a different firm on CCIC's panel, to continue to defend L&R and

22        the other insureds named as defendants in the *Paulsen* Action, and CCIC

23        will advance payments owed by L&R pursuant to the deductible (subject to

24        its right of reimbursement from L&R and the other insureds as set forth in

25        Section V.D. of the CCIC Policy), and CCIC, L&R and the other insureds

26        can seek a prompt judicial declaration regarding their respective rights and

27        obligations under the CCIC Policy. CCIC, in such litigation, would seek

28        the following relief:

(a)     a judicial declaration that L&R's failure and refusal to pay the
        deductible, refusal to communicate with defense counsel on the
        issue and instructions to defense counsel to stop working on the
        case, constitutes a material breach of the CCIC Policy;

(b)     a judicial declaration that CCIC has no further obligation to defend
        or indemnify L&R, or any other insured, in light of these
        circumstances;

(c)     a judgment against L&R and the other insureds liable for payment
        of the deductible, as well as CCIC's attorney's fees in the litigation,
        as provided for in Section V.D. of the CCIC Policy;

(d)     alternatively, if the Court is unwilling to grant the relief sought in
        (a), (b) and (c) above, CCIC would seek an order that if L&R does
        not pay the amounts owed within the deductible within 30 days of
        an order from the Court requiring it to do so, and thereafter does not
        keep current on its payments, CCIC will have no further obligations
        under the policy in connection with the *Paulsen* Action; and

(e)     in the event that the alternative relief in (d) above is selected by the
        Court, CCIC would also seek an order declaring that if L&R elects
        to pay its deductible, CCIC is entitled to control the defense through
        counsel of CCIC's choice and L&R is required to cooperate with
        such counsel in the defense of the case.

30.    In a letter dated April 22, 2010, from Anderson to Wootton, Lanahan & Reilley
agreed to the second of these options. Anderson specifically stated, in pertinent part, as follows in
that letter:

L&R will:

(a)     agree to pay all amounts owed under the deductible within 30 days of the
        date of this letter, as required under Section V.D. of the CCIC Policy; and

1     (b)    make such payment in a timely manner; and

2     (c)    agree to continue making all future payments owed to defense in a timely

3           manner, until satisfaction of the $150,000 deductible; and

4     (d)    agree to cooperate with counsel retained by CCIC in the defense of the

5           claim and respond to defense counsel's communications.

6

7     31.    However, Lanahan & Reilley did not comply with the terms of this agreement, as it

8  failed to make any payment to LBBS within thirty days. Accordingly, in a letter from Wootton to

9  Anderson dated May 27, 2010, Wootton stated:

10    In your letter to me dated April 22, 2010, you agreed that Lanahan & Reilley

11    would pay all amounts owed under the deductible within 30 days of the date of that

12    letter. It has now been 35 days since that letter was sent, and it is my

13    understanding that Lanahan & Reilley has still not made *any* payments towards the

14    deductible.

15                 . . .

16    Under the terms of the policy, based on your firm's failure to pay the amounts

17    owed within 30 days, as promised in your letter dated April 22, 2010, the

18    individual attorneys at Lanahan & Reilley are now jointly and severally liable for

19    the amounts owed under the Deductible. . . . [T]he CCIC Policy provides, in this

20    regard, as follows:

21

22    D.    The Deductible amount stated in Item 4. of the Declarations shall be paid

23         by the **Named Insured** and shall apply to each and every **Claim**. The

24         **Insurer** shall only be liable for the amount of **Damages** and/or **Claims**

25         **Expense** arising from a **Claim** which is in excess of the Deductible

26         amount stated in Item 4. of the Declarations.

27         Such amounts shall, upon written demand by the **Insurer**, be paid by the

28         **Named Insured** within 30 days. If the **Named Insured** fails to pay the

1       Deductible, then all the **Insureds** shall be jointly and severally obligated to

2       pay the Deductible. Any funds advanced by the **Insurer** shall serve to

3       reduce the Limits of Liability. If the **Insurer** brings suit to collect the

4       Deductible, then the **Insured** responsible to pay the Deductible also shall

5       pay the legal fees, costs and expenses incurred by the **Insurer** to collect

6       the Deductible.

7

8       32.    In that letter, Wootton proposed, on behalf of Monitor and CCIC, that if Lanahan

9   & Reilley and LBBS were not able to work out a compromise regarding the amount owed to

10  LBBS and the terms of the retainer agreement by the end of the following week, CCIC would be

11  required to initiate legal action.

12

13      33.    Lanahan & Reilley did not make any payment to LBBS by the end of the following

14  week. Accordingly, Wootton wrote yet another letter to Anderson of Lanahan & Reilley dated

15  June 9, 2010. In that letter, Wootton stated, in pertinent part, as follows:

16      I have not received any response from you to my letter to you dated May 28, 2010.

17      Further . . . your firm has still not made any payment to Lewis, Brisbois, Bisgaard

18      & Smith LLP ("LBBS"). It has now been *46 days* since your letter to me dated

19      April 22, 2010, in which you agreed that Lanahan & Reilley would pay all amounts

20      owed under the deductible within 30 days.

21                                       . . .

22      The deadline set forth in my letter dated May 28, 2010 (i.e., the end of the

23      following week) was June 4, 2010. That date has come and gone. Not only has

24      there been no payment made to LBBS, but I understand that there has been no

25      promise by you or anyone else at your firm to pay the money by any specific date.

26

27

28

34.     Wootton concluded his letter dated June 9, 2010 by providing one further extension of the deadline for Lanahan & Reilley to pay LBBS the amount agreed upon, until the end of that week.

35.     Shortly thereafter, on or about June 17, 2010, Lanahan & Reilley finally issued a check to LBBS in the amount of $10,000.  It also promised to issue an additional $10,000 check the following week, and regular payments to LBBS thereafter.  Accordingly, at or about that time, CCIC agreed not to take immediate legal action, based on those developments and the promises by Lanahan & Reilley.

36.     However, once again, Lanahan & Reilley did not follow through on its promises. To this date, no second $10,000 payment has ever been  made by Lanahan & Reilley.

37.     Accordingly, in a letter dated July 28, 2010 from Wootton to Anderson, Wootton conveyed, on behalf of CCIC, CCIC's final warning to Lanahan & Reilley.  Wootton stated:

> [I]f Lanahan & Reilley has still not paid the amount currently due to LBBS by
> Friday, August 6, 2010 (the end of next week), Monitor will pursue the third
> option discussed in my letter to you dated April 15, 2010.  Again, under that
> option, CCIC will advance payments owed by L&R pursuant to the deductible,
> subject to its right of reimbursement from L&R and the other insureds as set forth
> in Section V.D. of the CCIC Policy, and seek a prompt judicial declaration
> regarding the respective rights and obligations of the parties under the CCIC Policy
> under the circumstances of this case.  The specific nature of the relief CCIC will
> seek has been detailed in my prior correspondence.

38.     Wootton received no response to this letter, and no further payments have been made to LBBS by Lanahan & Reilley.  Accordingly, CCIC has issued payments to LBBS totaling $67,491.08 in connection with work performed by LBBS through July 31, 2010.  CCIC is

1   informed and believes that the total amount of defense costs incurred in this matter, factoring in

2   work performed by LBBS in August and September of 2010, is already in excess of $85,000.

3   CCIC will continue to pay all amounts to LBBS on a timely basis, as they become due.

5   **E.      The CCIC Policy.**

7   39.     As noted above, the CCIC Policy  was issued to Lanahan & Reilley for the policy

8   period of January 1, 2009 to January 1, 2010.  The Insuring Agreement in the CCIC Policy

9   provides as follows:

11          This Policy shall pay on behalf of the **Insured** all **Damages** and **Claims Expense**

12          that the **Insured** shall become legally obligated to pay, arising from any **Claim**

13          first made against an **Insured** during the **Policy Period** and reported to the

14          **Insurer** in writing during the **Policy Period** or within 60 days thereafter, for any

15          **Wrongful Act**, provided that prior to the inception date of the first Lawyers'

16          Professional Liability Insurance Policy issued by the **Insurer** to the **Named**

17          **Insured**, which has been continuously renewed and maintained in effect to the

18          inception of this **Policy Period**, the **Insured** did not know, or could not

19          reasonably foresee that such **Wrongful Act** might reasonably be expected to be

20          the basis of a **Claim**.

22   40.     The CCIC Policy provides as follows, in Section V., with respect to "Limits of

23   Liability and Deductible":

25          **V.      Limits of Liability and Deductible**

27                  A.      The Limits of Liability stated in Item 3. of the Declarations are the

28                          limits of the **Insurer's** liability for all **Damages** and **Claims**

1    **Expense** arising out of all **Claims** first made against the **Insureds**

2    during the **Policy Period**, the Automatic Extended Reporting

3    Period, and the Extended Reporting Period (if applicable). The

4    Limits of Liability for the Automatic Extended Reporting Period and

5    the Extended Reporting Period shall be part of, and not in addition

6    to, the Limits of Liability for the **Policy Period**. Further, any **Claim**

7    made subsequent to the **Policy Period**, the Automatic Extended

8    Reporting Period, or the Extended Reporting Period (if applicable)

9    which pursuant to section VII. B. or VII. C. is deemed first made

10    during the **Policy Period**, the Automatic Extended Reporting

11    Period, or the Extended Reporting Period shall also be subject to

12    the applicable Limits of Liability stated in Item 3. of the

13    Declarations. In the event the Limits of Liability stated in Item 3. of

14    the Declarations are exhausted by payment of **Damages** and/or

15    **Claims Expense**, or the Limits of Liability have been tendered to

16    or on behalf of the **Insured**, then any and all obligations of the

17    **Insurer** hereunder shall be deemed to be completely fulfilled and

18    extinguished.

19

20    B.    The maximum Limit of Liability for all **Claims** under this Policy shall

21    not exceed the aggregate Limit of Liability stated in Item 3. B. of

22    the Declarations.

23

24    C.    **Claims Expense** shall first be applied against the Deductible and

25    shall be part of and not in addition to the applicable Limits of

26    Liability stated in Item 3. of the Declarations. Payment of **Claims**

27    **Expense** shall reduce the applicable Limits of Liability stated in

28    Item 3. of the Declarations.

D. The Deductible amount stated in Item 4. of the Declarations shall be paid by the **Named Insured** and shall apply to each and every **Claim**. The **Insurer** shall only be liable for the amount of **Damages** and/or **Claims Expense** arising from a **Claim** which is in excess of the Deductible amount stated in Item 4. of the Declarations.

Such amounts shall, upon written demand by the **Insurer**, be paid by the **Named Insured** within 30 days. If the **Named Insured** fails to pay the Deductible, then all the **Insureds** shall be jointly and severally obligated to pay the Deductible. Any funds advanced by the **Insurer** shall serve to reduce the Limits of Liability. If the **Insurer** brings suit to collect the Deductible, then the **Insured** responsible to pay the Deductible also shall pay the legal fees, costs and expenses incurred by the **Insurer** to collect the Deductible.

41.     The CCIC Policy provides as follows, in relevant part, with respect to "Defense, Cooperation and Settlements":

**VI.     Defense, Cooperation and Settlements**

A. An **Insured** shall not admit liability for, enter into any settlement agreement, stipulate to any judgment, agree to arbitration, or incur **Claims Expense** without the **Insurer's** prior written consent.  The **Insurer's** consent shall not be unreasonably withheld, provided that the **Insurer** shall be entitled to full information and all

1    particulars it may request in order to reach a decision regarding

2    such consent.  Any **Damages** and/or **Claims Expense** incurred

3    and settlements agreed to prior to the **Insurer** giving its consent

4    shall not be covered hereunder.

5

6    B.    The **Insurer** shall have the right and duty to defend any **Claim** to

7    which this insurance applies, even if any allegations of the **Claim**

8    are groundless, false or fraudulent.  The **Insurer's** right and duty

9    to defend any **Claim** shall end when the **Insurer's** applicable Limit

10   of Liability has been exhausted by payment of **Damages** and/or

11   **Claims Expense**, or has been tendered to, or on behalf of, the

12   Insured, or to a Court of competent jurisdiction.

13

14   C.    Each **Insured** shall cooperate with the **Insurer** in the defense and

15   settlement of any **Claim**, and in enforcing any right of contribution

16   or indemnity against any person or organization that may be liable

17   to the **Insured**, at no cost to the **Insurer**.  Upon the request of the

18   **Insurer**, the **Insured** shall submit to examination and interrogation,

19   under oath if required by a representative of the **Insurer**, and shall

20   attend hearings, depositions and trials, assist in effecting

21   settlement, securing and giving evidence, obtaining the attendance

22   of witnesses, as well as giving written statement(s) to the **Insurer's**

23   representatives, and meeting with such representatives for

24   purposes of investigation or defense, all without charge to the

25   **Insurer**.

26

27   42.    Each of the CCIC Policies contains the following definitions that are relevant to

28   this matter:

A.    "**Claim**" means a written demand for monetary or non-monetary relief including, but not limited to, a civil, criminal, administrative or arbitration proceeding; provided, however, that **Claim** shall not include any proceedings before a state licensing board or similar authority, except as otherwise provided in section V. Supplemental Coverages, of this Policy. A **Claim** shall be deemed to have been first made at the time notice of the **Claim** is first received by any **Insured**.

. . .

B.    "**Claims Expense**" means reasonable and necessary fees, costs and expenses (including premiums for any appeal bond, attachment bond or similar bond, but without any obligation to apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and appeal of a **Claim** against the **Insureds**, but excluding salaries, wages, overhead or benefit expenses associated with any **Insured**, or any amount covered by the duty to defend obligation of any other insurer.

. . .

E.    "**Insured**" means:

1.    the **Named Insured** and any **Predecessor Firm**;

2.    any individual or professional corporation who is or becomes a partner, officer, director, stockholder, or employee of the **Named Insured**, but solely while acting within the scope of their duties on behalf of the **Named Insured**;

3.     any individual or professional corporation who was a partner,
       officer, director, stockholder, or employee of the **Named Insured**
       or **Predecessor Firm**, but solely while acting within the scope of
       their duties on behalf of the **Named Insured** or **Predecessor**
       **Firm**;

4.     any individual or professional corporation designated "counsel" or
       "of counsel" to the **Named Insured**, but solely while acting within
       the scope of their duties on behalf of the **Named Insured** for which
       a fee inured to the Named Insured;. . .

. . .

K.     "**Professional Services**" means services:

1.     rendered by an **Insured** solely as a lawyer, mediator, arbitrator, or
       notary public for others, or

2.     performed by an **Insured** as an administrator, conservator,
       receiver, executor, guardian, trustee, or in any other fiduciary
       capacity, but only if the act or omission in dispute is in the
       rendering of services ordinarily performed as a lawyer and then
       only to the extent of such services.

. . .

N.     "**Wrongful Act**" means any actual or alleged act, omission, or **Personal**
       **Injury** arising out of **Professional Services** rendered by an **Insured** or by
       any person for whose act or omission the **Insured** is legally responsible.

FIRST CAUSE OF ACTION

(Declaratory Relief - Against All Defendants and DOES 1 through 15 - No Duty to Defend or Indemnify Defendants In *Paulsen* Action Due to Defendants' Material Breach of Contract)

43.     CCIC refers to the foregoing paragraphs 1 through 42 and incorporates the same herein by this reference.

44.     An actual controversy has arisen and now exists between CCIC and the defendants herein concerning whether or not CCIC owes any obligation to defend and indemnify defendants in the *Paulsen* Action in light of the defendants' material breaches of the obligations they owed under the CCIC Policy.  CCIC contends, and is informed and believes that the defendants herein deny, that it owes no further obligations to the defendants herein, or any other individual or entity, in connection with the claim asserted in the *Paulsen* Action under the CCIC Policy, due to the defendants' material breach of their obligation to pay the deductible in the CCIC Policy.

45.     CCIC seeks, and is entitled to obtain, a declaration from the Court that it CCIC owes no duty to defend or indemnify any of the defendants herein in the *Paulsen* Action or in connection with the claim asserted therein, due to the defendants' breach of their obligations owed under the CCIC Policy.

SECOND CAUSE OF ACTION

(Declaratory Relief - Against All Defendants and DOES 16 through 30 - CCIC Has No Further Duty to Defend or Indemnify Any Individual or Entity in the *Paulsen* Action, Is Entitled to Reimbursement of All Amounts It Has Paid, and Is Entitled to Its Attorney's Fees in this Action)

46.     CCIC refers to the foregoing paragraphs 1 through 45 and incorporates the same herein by this reference.

47.     An actual controversy has arisen and now exists between CCIC and the defendants herein concerning (a) whether or not CCIC owes any further obligation to defend and indemnify defendants in the *Paulsen* Action in light of the defendants' material breaches of the obligations owed under the CCIC Policy, (b) whether or not CCIC is entitled to reimbursement of all sums it has advanced on behalf of the defendants in the *Paulsen* Action, and (c) whether or not CCIC is entitled to recover its attorney's fees in this action.

48.     CCIC contends, and is informed and believes that the defendants herein deny, that (a) it owes no further obligations to the defendants herein, or any other individual or entity, in connection with the claim asserted in the *Paulsen* Action under the CCIC Policy, due to the defendants' material breach of their obligation to pay the deductible in the CCIC Policy, (b) CCIC is entitled to reimbursement of all sums it has advanced on behalf of the defendants in the *Paulsen* Action (or all such sums to the extent that they are within the $150,000 deductible), and (c) CCIC is entitled to recover its attorney's fees in this action.

49.     CCIC seeks, and is entitled to obtain, a declaration from the Court that (a) it owes no duty to defend or indemnify any of the defendants herein in the *Paulsen* Action or in connection with the claim asserted therein, due to the defendants' breach of their obligations owed under the CCIC Policy, (b) CCIC is entitled to reimbursement of all sums it has advanced on behalf of the defendants in the *Paulsen* Action (or all such sums to the extent that they are within the $150,000 deductible), and (c) CCIC is entitled to recover its attorney's fees in this action.

//
//
//
//
//
//

1    THIRD CAUSE OF ACTION

2    (Declaratory Relief, Reimbursement And/Or Other Relief Against all defendants and DOES 31

3    through 45)

4

5    50.    CCIC refers to the foregoing paragraphs 1 through 49 and incorporates the same

6    herein by this reference.

7

8    51.    The CCIC Policy expressly provides that "[t]he Insurer shall only be liable for the

9    amount of Damages and/or Claims Expense arising from a Claim which is in excess of the

10   Deductible amount stated in Item 4. of the Declarations." However, CCIC has advanced or

11   agreed to advance sums within the deductible amount, on behalf of Lanahan & Reilley, Anderson,

12   Steever, Feeney, Garcia and Uland for the defense of the claim made in the *Paulsen* Action, while

13   expressly reserving its right to obtain reimbursement for all such sums.

14

15   52.    An actual controversy has arisen and now exists between CCIC and the defendants

16   herein concerning the rights, duties and obligations of the parties under the circumstances of this

17   case. CCIC contends, and is informed and believes that the defendants herein deny, that CCIC is

18   entitled to the following relief in this action:

19

20   (a)    a judicial declaration that Lanahan & Reilley's failure and refusal to pay the

21   amounts owed pursuant to the deductible in the CCIC Policy constitutes a material

22   breach of the CCIC Policy; and/or

23

24   (b)    a judicial declaration that CCIC has no further obligation to defend or indemnify

25   Lanahan & Reilley or any of the defendants herein, in the *Paulsen* Action, in light

26   of the defendants' failure and refusal to pay any amounts owed under their

27   $150,000 deductible other than $10,000; and/or

28

1    (c)    a judgment in this action against Lanahan & Reilley and the other

2          defendants, each of whom is liable for payment of the deductible under

3          Section V.D. of the CCIC Policy, in the amount of any and all defense and

4          indemnity expenses CCIC has advanced (or will have advanced by the time

5          this action is adjudicated), in connection with the claim made in the

6          *Paulsen* Action, even to the extent that those defense and indemnity costs

7          exceed $150,000, as well as CCIC's attorney's fees in this action; and/or

8

9    (d)    alternatively, in the event that the Court is unwilling to grant the relief

10          sought in (c) above, a judgment against Lanahan & Reilley and the other

11          defendants herein, each of whom is liable for payment of the deductible, for

12          all amounts paid by CCIC which should have been paid by the defendants

13          pursuant to their $150,000 deductible obligation, such that CCIC is

14          reimbursed for all amounts it has paid relating to the *Paulsen* Action which

15          should have been paid by defendants herein pursuant to their deductible

16          obligation, as well as CCIC's attorney's fees in this litigation, as provided

17          for in Section V.D. of the CCIC Policy;

18

19    (e)    alternatively, if the Court is unwilling to grant the relief sought in (a), (b),

20          (c) and/or (d) above, an order that if Lanahan & Reilley does not pay the

21          amounts owed within the deductible within 30 days of an order from this

22          Court requiring it to do so, and thereafter does not keep current on its

23          payments, CCIC will have no further obligations to defendants in

24          connection with the *Paulsen* Action; and

25

26    (f)    in the event that the alternative relief in (e) above is selected by the Court,

27          an order declaring that if Lanahan & Reilley elects to pay its deductible,

28          CCIC is entitled to control the defense through counsel of CCIC's choice

1 | and Lanahan & Reilley is required to cooperate with such counsel in the
2 | defense of the case.
3
4 | 53. CCIC seeks, and is entitled to obtain, a declaration that it is entitled to one or more
5 | of the types of relief specified in the proceeding paragraph, to be determined by the Court as the
6 | Court deems appropriate, equitable and proper.
7
8 | <u>FOURTH CAUSE OF ACTION</u>
9 | (Breach of Written Contract – Breach of Provisions in CCIC Policy – Against all defendants and
10 | DOES 46 through 60)
11
12 | 54. CCIC refers to the foregoing paragraphs 1 through 53 and incorporates the same
13 | herein by this reference.
14
15 | 55. Under the contract between CCIC and Lanahan & Reilley (i.e., the CCIC Policy),
16 | Lanahan & Reilley was required to pay for the first $150,000 in "Claims Expense" and Damages
17 | incurred as a result of any Claim made against it.
18
19 | 56. Lanahan & Reilley breached the contract by failing and refusing to pay the
20 | amounts being incurred in "Claims Expense" as a result of the defense of the Claim made in the
21 | *Paulsen* Action, despite the fact that such amounts are within the deductible.
22
23 | 57. Additionally, under the CCIC Policy, Lanahan & Reilley was required to cooperate
24 | with CCIC, and counsel appointed by CCIC, in the defense of the Claim.  Specifically, the CCIC
25 | Policy provides as follows in this regard:
26
27 | C. Each Insured shall cooperate with the Insurer in the defense and settlement
28 | of any Claim, and in enforcing any right of contribution or indemnity against any

1   person or organization that may be liable to the Insured, at no cost to the Insurer.

2   Upon the request of the Insurer, the Insured shall submit to examination and

3   interrogation, under oath if required by a representative of the Insurer, and shall

4   attend hearings, depositions and trials, assist in effecting settlement, securing and

5   giving evidence, obtaining the attendance of witnesses, as well as giving written

6   statement(s) to the Insurer's representatives, and meeting with such representatives

7   for purposes of investigation or defense, all without charge to the Insurer.

9   58.   Lanahan & Reilley breached the contract in July of 2009 through February of 2010

10  by (a) failing and refusing to communicate with defense counsel regarding important matters in

11  the case, including the payment of the deductible and signing the retainer agreement prepared by

12  LBBS, and (b) instructing LBBS, on February 18, 2010, to stop working on the case.

14  59.   As a result of Lanahan & Reilley's breaches of contract, and Lanahan & Reilley's

15  failure to pay the amounts due under the deductible within 30 days of CCIC's request, *all*

16  Defendants are liable to CCIC, under Section V.D. of the CCIC Policy, for all amounts within the

17  deductible that have been advanced by CCIC, as well as all of CCIC's attorney's fees and costs in

18  this action.

20  ## FIFTH CAUSE OF ACTION

21  (Breach of Written Contract – Breach of Written Agreement Reached In Correspondence –

22  Against all defendants and DOES 61 through 75)

24  60.   CCIC refers to the foregoing paragraphs 1 through 59 and incorporates the same

25  herein by this reference.

27  61.   Section V.D. of the CCIC Policy provides as follows:

28

D.     The Deductible amount stated in Item 4. of the Declarations shall be paid
by the **Named Insured** and shall apply to each and every **Claim**. The
**Insurer** shall only be liable for the amount of **Damages** and/or **Claims**
**Expense** arising from a **Claim** which is in excess of the Deductible
amount stated in Item 4. of the Declarations.

Such amounts shall, upon written demand by the **Insurer**, be paid by the
**Named Insured** within 30 days. If the **Named Insured** fails to pay the
Deductible, then all the **Insureds** shall be jointly and severally obligated to
pay the Deductible. Any funds advanced by the **Insurer** shall serve to
reduce the Limits of Liability. If the **Insurer** brings suit to collect the
Deductible, then the **Insured** responsible to pay the Deductible also shall
pay the legal fees, costs and expenses incurred by the **Insurer** to collect
the Deductible. [Underlining added for emphasis.]

62.     As is discussed above, CCIC, through its coverage counsel Wootton, demanded
that all amounts owed within the deductible be paid by Lanahan & Reilley within 30 days, in
Wootton's letter dated April 15, 2010.

,     63.     In a letter dated April 22, 2010, from Anderson to Wootton, Lanahan & Reilley
agreed to pay all amounts owed within 30 days.  Anderson specifically stated, in pertinent part, as
follows in that letter:

L&R will:

(a)     agree to pay all amounts owed under the deductible within 30 days of the
date of this letter, as required under Section V.D. of the CCIC Policy; and

(b)     make such payment in a timely manner; and

(c)     agree to continue making all future payments owed to defense [counsel] in
a timely manner, until satisfaction of the $150,000 deductible; and

1     (d)    agree to cooperate with counsel retained by CCIC in the defense of the

2            claim and respond to defense counsel's communications.

3

4     64.    Lanahan & Reilley breached the written agreement reached in the foregoing letters,

5     in the following manners:

6     (a)    Lanahan & Reilley failed to pay all amounts owed under the deductible within 30

7            days of either April 15, 2010 or April 22, 2010;

8     (b)    Lanahan & Reilley failed to make such payment at any time, let alone in a

9            timely manner; and

10    (c)    Lanahan & Reilley failed to continue making all future payments owed to

11           defense counsel in a timely manner, until satisfaction of the $150,000

12           deductible.

13

14    65.    As a result of Lanahan & Reilley's breach of this written agreement, and Lanahan

15    & Reilley's failure to pay the amounts due under the deductible within 30 days of CCIC's request,

16    *all* Defendants are liable to CCIC, under Section V.D. of the CCIC Policy, for all amounts within

17    the deductible that have been advanced by CCIC, as well as all of CCIC's attorney's fees and

18    costs in this action.

19

20    WHEREFORE, CCIC prays for judgment as follows:

21

22    1.     For a declaration that Lanahan & Reilley's failure and refusal to pay the amounts

23           owed pursuant to the deductible in the CCIC Policy constitutes a material breach

24           of the CCIC Policy; and

25

26    2.     For a judicial declaration that CCIC has no further obligation to defend or

27           indemnify Lanahan & Reilley or any of the defendants herein, in the *Paulsen*

28           Action, in light of the defendants' failure and refusal to pay any amounts owed

1    under their $150,000 deductible other than $10,000; and

2

3    3.    For a judgment in this action against Lanahan & Reilley and the other

4    defendants, each of whom is liable for payment of the deductible under

5    Section V.D. of the CCIC Policy, in the amount of any and all defense and

6    indemnity expenses CCIC has advanced (or will have advanced by the time

7    this action is adjudicated), in connection with the claim made in the

8    *Paulsen* Action, even to the extent that those defense and indemnity costs

9    exceed $150,000; and/or

10

11   4.    Alternatively, in the event that the Court is unwilling to grant the relief

12   sought in the preceding paragraph (paragraph 3), a judgment against

13   Lanahan & Reilley and the other defendants herein, each of whom is liable

14   for payment of the deductible, for all amounts paid by CCIC which should

15   have been paid by the defendants pursuant to their $150,000 deductible

16   obligation, such that CCIC is reimbursed for all amounts it has paid

17   relating to the *Paulsen* Action which fall within the $150,000 deductible;

18   and

19

20   5.    For CCIC's attorney's fees in this action, as provided for in Section V.D. of

21   the CCIC Policy;

22

23   6.    Alternatively, if the Court is unwilling to grant the relief sought in Items 1-

24   5 above, for an order that if Lanahan & Reilley does not pay the amounts

25   owed within the deductible within 30 days of an order from this Court

26   requiring it to do so, and thereafter does not keep current on its payments as

27   may be required by the Court, CCIC will have no further obligations to

28   defendants in connection with the *Paulsen* Action; and

1   7.  in the event that the alternative relief in 6 above is selected by the Court, an

2      order declaring that if Lanahan & Reilley elects to pay its deductible, CCIC

3      is entitled to control the defense through counsel of CCIC's choice and

4      Lanahan & Reilley is required to cooperate with such counsel in the

5      defense of the case;

6

7   8.  For CCIC's costs of suit incurred herein; and

8

9   9.  For such other and further relief as the Court deems appropriate.

10

11  DATED: September **10**, 2010   CHAD B. WOOTTON
               WOOTTON LAW GROUP LLP

12

13

14          By_____

15           Chad B. Wootton
           Attorneys for Plaintiff Carolina Casualty Insurance
           Company

16

17

18

19

20

21

22

23

24

25

26

27

28