UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, an Iowa Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LANAHAN & REILLEY, LLP, a California Limited Liability Partnership, ROBERT L. ANDERSON, ESQ., a California Resident, SCOTT L. STEEVER, ESQ., a California Resident, WILLIAM J. FEENEY, ESQ., a California Resident; MICHAEL P. GARCIA, ESQ., a California Resident; KEITH T. ULAND, ESQ., a California Resident; and DOES 1through 75, inclusive,<br><br>Defendants. | Case No:  C 10-04108 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT, AND REFERRING ACTION FOR SETTLEMENT CONFERENCE**<br><br>Docket 14, 18 |

Insurer Carolina Casualty Insurance Company ("Carolina") brings the instant action against its insured, the law firm of Lanahan & Reilly, LLP ("Lanahan"), and Lanahan attorneys Robert Anderson, Scott Steever, William Feeney, Michael Garcia and Keith Uland (collectively "Individual Defendants"), alleging that they failed to fully pay a $150,000 malpractice insurance deductible in connection with an underlying state court lawsuit.  The parties are presently before the Court on (1) the Individual Defendants' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) Carolina's Motion for Leave to File First Amended Complaint.  Dkt. 14, 18.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss and DENIES the motion for leave to file an amended complaint (which is construed as a motion to supplement the complaint).  The

Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Lanahan is a law firm organized as a California limited liability partnership.  Compl. ¶ 2, Dkt. 1.  On a date not specified in the pleadings, Carolina issued to Lanahan a Lawyers' Professional Liability Insurance Policy, Policy No. 9863089 ("the Policy"), for the policy period of January 1, 2009 to January 1, 2010.  Id. ¶ 10.  The Policy, which requires the payment of a $150,000 deductible, provides malpractice insurance coverage for damages and claims made against the "Insured" during the policy period.  Id. ¶ 39.  The Policy defines "Insured" as the "Named Insured," i.e., Lanahan, as well as "any individual or professional corporation who is or becomes a partner, officer, director, stockholder, or employee of the Named Insured, but solely while acting within the scope of their duties on behalf of the Named Insured[.]"  Compl. ¶ 41 (quoting Policy § V.E.) (emphasis omitted).[1]

In or about 2009, Lanahan and the Individual Defendants (except Defendant Anderson) were sued for malpractice in Sonoma County Superior Court, in an action styled as John Paulsen v. Lanahan & Reilly LLP, No. 245288.  Id. ¶ 11.  On or about June 22, 2009, Lanahan tendered the defense of the Paulsen lawsuit to Monitor Liability Managers, Inc. ("Monitor"), Carolina's claims agent, and Carolina, pursuant to its Policy.  Id. ¶ 16.  On June 30, 2009, Lanahan notified Monitor of its desire to be represented by Peter Dixon of Lewis Brisbois Bisgaard & Smith ("the Lewis firm").  Id. ¶ 18.  On July 19, 2009, Monitor sent Lanahan a letter accepting the tender under a reservation of rights.  Id. ¶ 19.

The Lewis firm sent Lanahan a retainer agreement and a request for a retention payment.  Id. ¶ 20.  In or about January 2010, after Lanahan failed to return the agreement or tender payment, the Lewis firm moved to withdraw as counsel of record.  Id. ¶ 25.  Although the trial court granted the motion, Monitor instructed the Lewis firm not to

---

[1] The Complaint avers that a copy of the Policy is attached as Exhibit A.  Compl. ¶ 10.  However, the Policy is not actually attached to the pleadings.

finalize its withdrawal until Carolina and Lanahan had agreed on a course of action.  Id. ¶ 28.

On April 15, 2010, Carolina's outside legal counsel contacted Lanahan, accusing the firm of breaching the Policy, failing to communicate with the Lewis firm and improperly instructing the firm to withdraw.  Id. ¶ 29.  Carolina demanded that Lanahan pay the $150,000 insurance deductible within thirty days, and proposed three different options on how to proceed.  Id.  By letter dated April 22, 2010, Lanahan agreed to one of Carolina's proposals, which provided that Carolina would instruct the Lewis firm or another firm on Carolina's panel to continue its defense in the Paulsen action and to indemnify Lanahan, provided that Lanahan tendered payment of $150,000 within thirty days.  Id. ¶ 30.  On June 17, 2010, Lanahan issued a check to Carolina in the amount of $10,000.  Id. ¶ 35.  No other payment by Lanahan has been made, however.  Id. ¶ 38.

On September 13, 2010, Carolina filed the instant diversity jurisdiction action against Lanahan and the Individual Defendants, alleging four causes of action, as follows: (1) a declaratory judgment that Carolina has no duty to defend or indemnify Defendants in the Paulsen action; (2) a declaratory judgment requesting a finding that Carolina has no further duty to defend or indemnify any individual or entity in the Paulsen action; (3) a request for declaratory judgment and reimbursement; (4) a breach of contract claim based on provisions in the Policy; and (5) a breach of contract claim based on Lanahan's agreement in its April 22, 2010 letter to pay the deductible within thirty days.

The Individual Defendants now move to dismiss all claims alleged against them on the grounds that they are not parties or signatories to the Policy, and therefore, cannot be liable under any claims based on obligations contained in that agreement.  Dkt. 14.  Separately, Carolina seeks leave to file an amended complaint to allege new claims and join two new parties based on Lanahan's alleged refusal to pay its $150,000 deductible in a second malpractice action pending in Alabama state court styled as One Source Title & Escrow v. Ray IV, Case No. CV-2010-594 ("One Source"), which was filed on June 10,

2010.  Dkt. 18-1 ¶ 43, 20.  Both motions have been fully briefed and are ripe for adjudication.

## II. DISCUSSION

### A. INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

#### 1. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, the court must generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

#### 2. Analysis

Each of Carolina's claims alleged in its Complaint against the Individual Defendants is based on the theory that they are jointly and severally liable with Lanahan to pay the deductible required by the Policy.  In particular, Carolina relies on § V.D. of the Policy, which provides as follows:

> The Deductible amount stated in Item 4. of the Declarations shall be paid by the Named Insured and shall apply to each and every Claim.  The Insurer shall only be liable for the amount of Damages and/or Claims Expense arising from a Claim which is in excess of the Deductible amount stated in Item 4. of the Declarations.

> Such amounts shall, upon written demand by the Insurer, be paid by the Named Insured within 30 days.  <u>If the Named Insured fails to pay the Deductible, then all the Insureds shall be jointly and severally obligated to pay the Deductible</u>.  Any funds advanced by the Insurer shall serve to reduce the Limits of Liability.  If the Insurer brings suit to collect the Deductible, then the Insured responsible to pay the Deductible also shall pay the legal fees, costs and expenses incurred by the Insurer to collect the Deductible.

Compl. ¶ 31 (emphasis added).  According to Carolina, the Policy defines "Insured" to include all shareholders and employees of Lanahan, and therefore, the obligation to pay the deductible necessarily is imposed upon both Lanahan *and* the Individual Attorneys.  <u>Id.</u> at 16-17; Compl. ¶ 41.  However, the Individual Defendants contend that because they are neither parties nor signatories to the Policy, they cannot be compelled to pay the unpaid amount of the deductible, notwithstanding the language of the Policy.  Defs.' Mot. at 3-6.

      Under California law, it is well settled that a non-party or non-signatory to a contract cannot be held liable for a breach of that agreement.  <u>See e.g.</u>, <u>Egan v. Mut. of Omaha Ins. Co.</u>, 24 Cal.3d 809, 824 (1979) (holding that insurance agents who were not parties to the insurance contract in dispute could not be held liable for breach of promises contained therein); <u>Tri-Continent Int'l Corp. v. Paris Sav. and Loan Ass'n</u>, 12 Cal.App.4th 1354, 1359, (1993) ("[plaintiff] cannot assert a claim for breach of contract against one who is not a party to the contract."); <u>Henry v. Assoc. Indem. Corp.</u>, 217 Cal.App.3d 1405, 1416-17 (1990) ("There was no direct contractual relationship between [the parties] from which either a breach of the covenant of good faith and fair dealing or a breach of contract action could properly spring.").  Though no California decision has yet addressed the issue of whether an additional insured may be liable to pay the deductible, courts have held that a beneficiary under an insurance policy has no legal obligation to pay for costs associated with the policy, *unless* he or she has specifically agreed to do so.  <u>See</u> <u>Pac. Emp'rs. Ins. Co. v. Diggs</u>, 80 Cal.App.2d 778, 781 (1947) ("[s]ince the evidence conclusively shows that the respondents did not obligate themselves to pay any part of the premiums sued for, the conclusion followed properly that they were not bound."); <u>see also</u> <u>Cont'l Cas. Co. v.</u>

Campbell Design Grp., Inc., 914 S.W.2d 43 (Mo. Ct. App. 1996) (holding that the payment of the deductibles on a professional liability policy is an obligation running from the insured to the insurer and does not bind individual defendants who are not parties to the insurance contract).

Carolina counters that the Individual Defendants are, in fact, parties to the Policy by virtue of the fact that they are entitled to coverage under the Policy, and by having "ratified the terms of the policy through correspondence." Pl.'s Opp'n at 14. Neither contention is persuasive. First, the fact that the Individual Defendants may have been beneficiaries under the Policy does not transmute them into parties subject to contractual obligations imposed by the Policy. See Lo Presti v. Manning, 125 Cal. App. 442, 446 (1932) ("Where the policy of insurance names a third person as beneficiary, the policy is then a contract made for the benefit of a third person, and the third person is called the 'beneficiary.' *The beneficiary is not a party to the contract*….") (internal quotation marks and citation omitted, emphasis added). Second, no facts are alleged to support Carolina's "ratification" theory. The correspondence referenced in the Complaint merely pertains to communications from Lanahan to Carolina, Monitor and the Lewis firm relating to Lanahan's efforts to secure coverage under the Policy in connection with the Paulsen action. See Compl. ¶¶ 16, 18, 24, 30. Nothing therein evinces any agreement or intent by the Individual Defendants to assume any obligation to pay the deductible allegedly due under the Policy. Rather, Lanahan was merely seeking to ensure that it and its attorneys received the coverage to which they were allegedly entitled under the terms of the Policy.

Next, Carolina claims that "the policy itself provides that the agreement is between the 'Insured(s)' and [Carolina]." Pl.'s Opp'n at 16. As support, Carolina cites to a page from the Policy which purportedly states that: "In consideration of the payment of the premium and in reliance on all statements in the Proposal, and all other information provided to the Insurer, and subject to all the provisions of the Policy, the Insurer and *Insured(s)* agree as follows…." Id. Since "Insured" is defined in the Policy to include Lanahan as the "Named Insured" as well as Lanahan's employees, Carolina posits that the

agreement binds both Lanahan, as well as all of its employees.  Id.  These allegations, however, are not pled in the Complaint and Carolina failed to attach a copy of the Policy to the pleadings or submit the same through a request for judicial notice.  See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("'new' allegations contained in the [plaintiff]'s opposition motion, however, are irrelevant for Rule 12(b)(6) purposes.").  Moreover, Carolina ignores its allegation that "[it] issued a 'Lawyers' Professional Liabiluty Insurance Policy' *to Lanahan & Reilley*…."  Compl. ¶ 10 (emphasis added).

      Finally, Carolina argues that even if the Individual Defendants are not parties or signatories to the Policy, they nonetheless may be compelled to pay the remainder of the deductible allegedly owed by Lanahan, as a matter of law.  Pl.'s Opp'n at 9.  While acknowledging that there is no California law directly on point to support its position, Carolina urges the Court to follow London, Anderson & Hoeft, Ltd. v. Minnesota Lawyers Mut. Ins. Co. (MLM), 530 N.W.2d 576 (Minn. App. 1995), where the court required individual attorneys covered by the malpractice policy to pay their law firm's deductible.[2] In London, the trial court found that under the terms of a malpractice insurance policy between an insurer and a professional law corporation, both the law firm and its shareholders were jointly and severally liable for payment of the deductible.  Id. at 577. The court of appeal disagreed that the provision in the policy purporting to hold all shareholders jointly and severally liable for the deductible was enforceable.  Id. at 578. Specifically, the court found that such a provision "runs afoul of Minnesota corporate law," which releases members of a professional corporation from any liability arising from "any contract executed on behalf of the corporation."  Id. at 578 (citing Minn.Stat. § 319A.10). Nonetheless, the court found that since "Minn.Stat. § 319A.10 does not grant the practitioner in a professional corporation who is sued for malpractice the protection of the

---

[2] Carolina also cites the unpublished opinion in Continental Cas. Co. v. Duckson Carlson, LLC, No. A5-1173, 2006 WL 1073075, at *2 (Minn.App. Apr. 25, 2006) which followed London.

corporate shield, … the attorney who is sued for malpractice remains personally liable under this insurance policy for the deductible arising out of [the insurer]'s defense of the malpractice lawsuit.  Id.

The Court finds that London is inapposite.  As an initial matter, London expressly rejects the argument—which Carolina advances here—that partners or shareholders of a law firm can be held liable for payment of insurance premiums owed by the firm.  London, 530 N.W.2d at 578.  As to the other aspect of its holding, the London court fails to explain why the fact that an individual lawyer is not shielded from personal liability for legal malpractice necessarily compels the conclusion that he or she is liable for payment of a deductible under an insurance policy procured by his or her law firm.  Indeed, such a rule would contravene the settled principle under California law that a non-party cannot be held liable for obligations set forth in an agreement to which he or she did not agree.

In sum, the Court finds that Carolina has failed to allege facts sufficient to state a plausible claim against the Individual Defendants.  Based on the arguments presented, Carolina's ability to overcome inherent flaws in its theory of liability remains questionable.  At the same time, the Court is unable to conclude at this juncture that amendment to the pleadings would be futile.  Therefore, the Court grants the Individual Defendants' motion to dismiss with leave to amend to allege facts demonstrating that the Individual Defendants are proper parties to each of the claims alleged against them.  Carolina is warned that its amendments, as with any other filing submitted to the Court, are subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

    **B.**    **PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

The second matter before the Court is Carolina's motion for leave to file an amended complaint to add new allegations that Defendants have refused to pay the $150,000 deductible in connection with a second malpractice action brought against Lanahan in One Source action, which is venued in the Circuit Court of Madison County, Alabama.  Pl.'s Mot. for Leave to Amend, Dkt. 20.  In addition, Carolina seeks to join two new parties—Lanahan, Steever & Anderson LLP and Michael A. Schiffman.  Lanahan, Steever &

Anderson LLP is the alleged successor firm to Lanahan, and Mr. Schiffman is a named defendant in the One Source action. Id. at 5. Defendants oppose the motion on the grounds they will suffer prejudice by having to address issues that are distinct from those presently alleged in the Complaint.

Carolina brings its motion for leave to amend under Federal Rule of Civil Procedure 15(a), which provides for amendment of the pleadings to set forth allegations concerning events which took place *before* the original pleading was filed. See Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. P. Before Trial, § 8:1720 (TRG 2010). Where, as here, the plaintiff seeks to supplement the pleadings to allege facts occurring *after* the original pleading was filed, Rule 15(d) governs. See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed") (internal quotation marks and citation omitted).[3] Rule 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. Proc. 15(d). "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (quoting Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988)). In exercising its discretion, the Court may consider factors such as judicial efficiency, possible prejudice or laches. Id.; Keith, 858 F.2d at 474.

---

[3] Carolina's proposed claim is based on Lanahan's alleged refusal to pay the deductible in the One Source action. Such conduct occurred on or after January 5, 2011, when Carolina demanded payment. Pl.'s Mot. for Leave to Amend at 1. Thus, the conduct that forms the basis of the proposed amendments arose after September 13, 2010, the date Carolina commenced the instant action. The Court therefore construes Carolina's motion to amend as a motion to supplement under Rule 15(d).

Here, Carolina contends that "the interests of justice" justify allowing the inclusion of new claims and parties based on the One Source action because both involve Lanahan's alleged refusal to pay the full amount of the $150,000 deductible under their malpractice policies. Pl.'s Mot. for Leave to Amend at 5. However, Carolina's proposed amendments constitute new claims that should be brought in a separate action. See Neely, 130 F.3d at 402. The proposed claims arise from a different insurance policy and from a completely separate and unrelated lawsuit which is currently pending in Alabama. Moreover, granting leave to supplement the pleadings would not promote judicial efficiency given that the proposed amendments do not involve any of the Individual Defendants. Thus, the Court exercises its discretion and denies Carolina's motion to supplement its complaint.

C. **SETTLEMENT**

The instant dispute arises from Lanahan's alleged failure to pay $140,000 of a $150,000 deductible. That amount will easily be eclipsed through protracted litigation. Therefore, the Court finds that it is in the parties' mutual interest to make a good faith effort to resolve their dispute before incurring such expenses. To assist the parties in that process, the Court is referring the matter for an early mandatory settlement conference before a Magistrate Judge of this Court.

III. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. The Individual Defendants' motion to dismiss is GRANTED. Plaintiff shall have fourteen (14) days from the date this Order is filed to file an amended complaint, consistent with the above. *Plaintiff is advised that any additional factual allegations set forth in its amended complaint must be made in good faith and consistent with Rule 11.*

2. Plaintiff's motion for leave to amend, which is construed as a motion to supplement under Rule 15(d), is DENIED.

3. The parties shall appear for a telephonic Case Management Conference on November 2, 2011 at 3:00 p.m. Prior to the date scheduled for the conference, the parties

shall meet and confer and prepare a joint Case Management Conference Statement. Plaintiff is responsible for filing joint statement no less than seven (7) days prior to the conference date.  The joint statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiff is responsible for setting up the conference call.  On the specified date and time, Plaintiff shall call (510) 637-3559 with all parties on the line.

      4.      Absent prior leave of Court, any additional motions and oppositions thereto shall be limited to fifteen (15) pages and replies are limited to ten (10) pages.

      5.      This matter is REFERRED to the Chief Magistrate Judge or her designee for a mandatory settlement conference which shall take place prior to the Case Management Conference.

      6.      This Order terminates Docket 14 and 18.

IT IS SO ORDERED.

Dated:  August 24, 2011

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge